UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD DWAYNE WHITFIELD, § | |
| § | |
| Plaintiff, § | |
| VS. § | MISCELLANEOUS ACTION NO. C-07-114 |
| § | |
| <DEFENDANTS>, § | |
| § | |
| Defendant. § | |

## ORDER DENYING LEAVE TO FILE SUIT
## AND MOTION TO PROCEED *IN FORMA PAUPERIS*

Ronald Dwayne Whitfield, TDCJ No. 623668, is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on September 25, 2007, giving "notice" that he is on a food strike due to his continued "illegal detention" and "life endangerment," and the failure of prison officials to adequately address those claims. (D.E. 1). In fact, this is third time in six weeks that Mr. Whitfield has filed with this Court a motion for leave seeking to challenge his underlying conviction and the conditions of his confinement, and requesting permission to proceed *in forma pauperis* ("i.f.p."). See Misc. Action No. 07-mc-069, filed on July 3, 2007, and Misc. Action No. 07-mc-091, filed on July 19, 2007. For the reasons stated herein, Whitfield's motion for leave to file suit (D.E. 1) and i.f.p. motion (D.E. 2) are denied.

## I. Three-strikes rule

The three-strikes rule of 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if he has had three or more actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. See 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

## II. Whitfield's Litigation History

Whitfield is an abusive litigant who has accumulated three strikes under 28 U.S.C. § 1915(g). See In re Ronald Dwayne Whitfield, No. 00-00054 (5th Cir.) (Oct. 24, 2000 Order) (citing Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished); Whitfield v. TDCJ Officials, No. 93-7672 (5th Cir. Mar. 22, 1994); Whitfield v. Sergeant Mitchell, No 93-1566 (5th Cir. Aug. 18, 1993) (unpublished). A recent review of Whitfield's litigation history shows that he has filed more than sixty (60) civil actions in federal district court.

Whitfield's conduct has resulted in repeated and significant monetary sanctions. See e.g., In re Whitfield, No. 97-00454 (5th Cir. Oct. 30 1997) ($100); Whitfield v. Johnson, No. 4:94-2767 (S.D. Tex.) (Mar. 5, 2001 Order Striking Pleadings and May 15, 2000 Order Striking Pleadings and Imposing Sanction) ($750); Whitfield v. Ott, No. 4:00-cv-2367 (S.D. Tex.) (July 17, 2000 Order) ($200); Whitfield v. Johnson, No. 4:97-3148 (S.D. Tex.) (April 23, 1999 Order on

Motion) ($200); Whitfield v. Webb, No. 4:94cv4194 (S.D. Tex.) (Sept. 20, 1996 Order) ($25); Whitfield v. Collins, No. 4:94-cv-2630 (S.D. Tex.) (Jan 9, 1996 Order) ($50); Whitfield v. State of Texas, et al., No. 95-cv-091 (W.D. Tex.) (May 9, 1995 Order) ($120); Whitfield v. State of Texas, et al., No. 1:95-cv-023 (N.D. Tex) (Feb. 13, 1995 Order )($250 total). The docket sheets of each of these cases do not indicate that any of the foregoing sanctions have been paid.

Additionally, Whitfield is barred from filing *pro se* pleadings without first seeking judicial permission. See e.g., In re Ronald Whitfield, No. 97-00454 (5th Cir.) (Oct. 7, 1997 Order); Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex) (Feb. 13, 2003 Order); Whitfield v. Cockrell, 4:02-cv-4218 (S.D. Tex.)( Dec. 12, 2002 Memorandum and Order); Whitfield v. Johnson, No. 4:94-cv-2767 (S.D. Tex) (Mar. 5, 2001 Order Striking Pleadings); Whitfield v. Johnson, No. 4:97-cv-3148 (S.D. Tex) (Oct. 30, 1997 Order of Dismissal). Indeed, due to repeated abuses, Whitfield has been barred from filing petitions for certiorari or for extraordinary writs in noncriminal matters without paying the docketing fee. Whitfield v. Texas, 527 U.S. 885 (1999).

### III. Discussion

Whitfield has styled his pleading as a motion to excuse sanctions and to be permitted to proceed *pro se* on the grounds that he is being illegally detained in absence of any due process. He also claims that the TDCJ is conspiring by "staff or prisoners" to kill him, such that he is in imminent danger.

The courts have stated that in order to meet the imminent danger

requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In this case, Whitfield fails to allege imminent injury for purposes of § 1915(g). Indeed, he complains only that he should never have been arrested or convicted. Although he threatens a food strike, he does not suggest that he has suffered any harm. Further, he offers no evidence to suggest that he personally is in any increased danger. He does not claim that he has filed a life in danger claim or sought protect custody and that it has been denied by prison officials. There is no evidence that Whitfield is in imminent danger of physical injury.

Moreover, there is no indication that Whitfield is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions. The Fifth Circuit has held that a district court may enforce the sanction order of another district court. Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526 U.S. 1157 (1999).

## IV. Conclusion

Whitfield is an abusive litigant who has lost the right to proceed i.f.p. In his instant motion for leave to file action and to proceed i.f.p., he attempts to raise claims that he has no authority to bring, and to argue dubious claims that do not suggest any threat of imminent danger. Thus, Whifield's motion for permission to file suit (D.E. 1) is DENIED and his motion for leave to proceed i.f.p. (D.E. 2) is DENIED. This case is dismissed without prejudice.

SIGNED this 9th day of October, 2007.

Janis Graham Jack
United States District Judge